## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DARA WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | **JURY DEMAND** |
| **PONY TAIL, INC. d/b/a CLUB ONYX,** | : | |
| | : | |
| **Defendant.** | : | |

### COMPLAINT

Plaintiff Dara Williams, by and through the undersigned counsel, brings this Complaint against Defendant Pony Tail, Inc. d/b/a Club Onyx and pleads as follows:

### INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et. seq*.), (hereinafter "the FLSA") to (1) receive minimum wage for work weeks in which the employer failed to pay her at or above minimum wage and an additional like amount as liquidated damages; (2) recover overtime pay that was denied her and an additional amount as liquidated damages; and (3) to recover her costs of litigation, including her reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Fulton County, Georgia.

5.

Defendant operates a nightclub in Atlanta, Georgia known as Club Oynx.

6.

Club Onyx features entertainment in the form of nude dancing.

7.

Defendant employed Plaintiff as a "House Mom" at Club Onyx from October 2009 until October 8, 2012 (hereinafter "the relevant time period").

8.

As a House Mom, Plaintiff was responsible for coordinating and assisting the dancers who performed at the nightclub.

9.

During the relevant time period, Defendant assigned Plaintiff administrative duties in addition to her duties as a House Mom.

10.

During the relevant time period, Defendant assigned Plaintiff security duties in addition to her duties as a House Mom.

11.

During the relevant time period, Defendant assigned Plaintiff bartending duties in addition to her duties as a House Mom.

12.

At all times during the relevant time period, Plaintiff was an "employee" of Defendant as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

At all times during the relevant time period, Plaintiff was "engaged in commerce" as an employee of Defendant as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

Defendant is a corporation organized under the laws of the State of Georgia.

15.

At all times during the relevant time period, Defendant has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

16.

At all times during the relevant time period, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

During 2009, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2010, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2009, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2010, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2009, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

During 2010, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

27.

During 2011, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2012, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

At all times during the relevant time period, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

30.

Defendant is subject to the personal jurisdiction of this Court.

31.

At all times during the relevant time period, Plaintiff was not exempt from the minimum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

32.

At all times during the relevant time period, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

33.

At all times during the relevant time period, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

34.

At all times during the relevant time period, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

35.

At all times during the relevant time period, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

**COUNT I — FAILURE TO PAY MINIMUM WAGE**

36.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

37.

At all times during the relevant time period, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

38.

At all times during the relevant time period, Defendant failed to pay Plaintiff an hourly wage.

39.

At all times during the relevant time period, Defendant failed to pay Plaintiff a salary.

40.

At all times during the relevant time period, Defendant failed to pay Plaintiff commission.

41.

At all times during the relevant time period, Defendant failed to compensate Plaintiff in any way for her services on Defendant's behalf.

42.

At all times during the relevant time period, Plaintiff's sole form or remuneration for the work she performed for Defendant was derived from tips provided by dancers in Defendant's club.

43.

At all times during the relevant time period, Defendant failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

44.

At all times during the relevant time period, Defendant willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

45.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

46.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

47.

As a result of the underpayment of minimum wages, Defendant is liable to Plaintiff for her costs of litigation, including her reasonable attorneys' fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTME

48.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

49.

At all times during the relevant time period, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

50.

At all times during the relevant time period, Plaintiff regularly worked in excess of forty (40) hours each week.

51.

At all times during the relevant time period, Defendant failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from October 2009 through October 8, 2012.

52.

At all times during the relevant time period, Defendant willfully failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week.

53.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

54.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1.  That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF

- 14 -