IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| DARA WILLIAMS, | : | |
|---|---|---|
| Plaintiff, | : | Civil Action Number: |
| vs. | : | 1:12-cv-03733-RWS |
| PONY TAIL, INC. d/b/a CLUB ONYX, | : | |
| Defendant. | : | |

**JOINT MOTION FOR REVIEW AND APPROVAL
OF SETTLEMENT AGREEMENT**

Plaintiff Dara Williams and Defendant Pony Tail, Inc., by and through the undersigned counsel, respectfully request that the Court review and approve their Settlement Agreement and Release of Claims (hereafter "the Agreement") and show the Court as follows:

1.

This is a wage and hour case. The Complaint, [Dkt. 1] alleges that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("the FLSA") when it failed to compensate Plaintiff at or above minimum wage for all hours she worked and further failed to compensate Plaintiff at one and one half times her regular rate for work performed in excess of forty hours in any week.

2.

Defendant filed an Answer [Dkt. 5] to the Complaint in which it denied Plaintiff's allegations.

3.

Based upon the understandings and assessments of each party, the Parties, acting at arms length and in good faith, have negotiated and entered into the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit "1".

4.

Judicial approval is required to give effect to Plaintiff's release of her FLSA claims, which is material to the Agreement. *Lynn's Food Stores, Inc. v. United States of Am.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

5.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1) The non-existence of collusion behind the settlement;
2) The complexity, expense and likely duration of the litigation;
3) The stage of the proceedings and amount of discovery completed;
4) The probability of Plaintiff's success on the merits;
5) The range of possible recovery; and

6) The opinions of counsel.

See, *Edwards v. CFI Sales & Mktg.*, 2011 U.S. Dist. LEXIS 134705 (M.D. Fla. Nov. 4, 2011) (citing *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3rd 1527, 1531 n.6 (11th Cir. 1994).

6.

Defendant operates an adult entertainment establishment. [Dkt. 1]

7.

Plaintiff worked for Defendant as a "house mom". As such, Defendant classified her as an independent contractor. Plaintiff alleged that this classification was improper. [Dkt. 1]

8.

Both Parties were represented by counsel who are experienced in litigating matters under the Fair Labor Standards Act. See, Exhibit "2", Declaration of Kevin D. Fitzpatrick, Jr., Paragraph 3 (hereafter "*Fitzpatrick Declaration ¶*")

9.

Discovery was completed prior to the negotiation, formation and execution of the Agreement. The Parties had exchanged relevant documents, answered interrogatories and conducted depositions of both the Plaintiff and Defendant. *Fitzpatrick Declaration*, ¶ 4.

10.

After the close of the discovery period, Defendant filed a Motion for Partial Summary Judgment (hereafter "the PSJ Motion"). [Dkt. 42-2] This Motion, on its face, would not have disposed of all claims in this matter. Plaintiff has not filed a Response to this Motion. *Fitzpatrick Declaration* ¶ 5.

11.

The PSJ Motion sought summary judgment the issues of willfulness as it applies to the statute of limitations [*Id*, at p. 8] and liquidated damages. [*Id*, at p. 10] The issues regarding the classification or misclassification of Plaintiff as an independent contractor and the amount of FLSA damages, if any, that she might be awarded, would have remained for a jury's deliberation. Both Parties would thus have been subject to the uncertainty and expense of a trial. *Fitzpatrick Declaration* ¶ 6

12.

The Parties disputed the likelihood of Plaintiff's eventual success on the merits. *Fitzpatrick Declaration* ¶ 7.

13.

Defendant did not maintain accurate records setting forth the hours that Plaintiff had worked. The Parties disputed the number of hours that Plaintiff had worked. *Fitzpatrick Declaration* ¶ 8.

14.

While employed by Defendant, Plaintiff was wholly compensated by tips from the entertainers who worked the same shifts at the same establishment. *Fitzpatrick Declaration* ¶ 9.

15.

The amount of back pay and liquidated damages set forth in the Agreement total $25,000. This amount is a compromise between the positions of the Parties. *Fitzpatrick Declaration* ¶ 10.

16.

The Agreement also provides for Defendant to reimburse Plaintiff for her attorneys' fees and costs in the amount of $30,000. This, too, is a compromise. As of date of filing this motion, Plaintiff counsel's time records show that she has incurred $37,606.93 in attorney's fees and $2,641.60 in costs. Attorney's fees accrued at a rate of $350 per hour for Mr. Bridgers and Mr. Fitzpatrick, $85 per hour for paralegals and $45 per hour for legal assistants. These rates are reasonable for personnel of like experience in this geographic area and legal specialty. Costs were billed at the exact amount incurred. The amount of attorneys' fees and costs set forth in the Agreement represents legal work that was reasonably necessary to the prosecution of this case. *Fitzpatrick Declaration* ¶¶ 11, 13-17.

17.

Because of (1) the open question as to the applicability of liquidated damages; (2) the open question as to the third year of damages under the FLSA; (3) the lack of contemporaneous time and pay records; and (4) the uncertain outcome of the litigation, it is the opinion of counsel for the Parties that the Agreement is a fair and reasonable resolution of a disputed claim. *Fitzpatrick Declaration* ¶ 12.

18.

The Parties request that the Court review and approve the Agreement. In its review, "the Court should be mindful of the strong presumption in favor of finding a settlement fair." See, *Edwards*, at *11 (*citing Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)).

19.

The Parties further request that the Court incorporate the Agreement and into its Order granting this Motion and retain jurisdiction over this matter until the terms set forth in Section II of the Settlement Agreement and Release have been met.

20.

If the Court approves the Agreement and payment in full is made, the Plaintiff will file a Stipulation of Dismissal of this case with prejudice.

21.

For the Court's convenience, a proposed Order granting this Motion is filed herewith.

WHEREFORE, the Parties respectfully request that the Court review and approve their Settlement Agreement and Release of Claims.

Respectfully submitted,

| **DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC** | **SCHULTEN WARD & TURNER, LLP** |
|---|---|
| *s/ Charles R. Bridgers* <br> Charles R. Bridgers <br> Georgia Bar No. 080791 | *s/ Dean R. Fuchs* <br> Dean R. Fuchs <br> Georgia Bar No. 279170 |
| *s/ Kevin D. Fitzpatrick, Jr.* <br> Kevin D. Fitzpatrick, Jr. <br> Georgia Bar No. 262375 | *s/ Susan Kastan Murphy* <br> Susan Kastan Murphey <br> Georgia Bar No. 408498 |
| 3100 Centennial Tower <br> 101 Marietta Street <br> Atlanta, Georgia 30303 <br> (770) 979-3150 <br> (770) 979-3170 (Fax) <br> charlesbridgers@dcbflegal.com <br> kevin.fitzpatrick@dcbflegal.com | 260 Peachtree Street, NW, Suite 2700 <br> Atlanta, GA 30303 <br> (404) 688-6800 <br> (404) 688-6840 facsimile <br> drf@swtlaw.com |
| Counsel for Plaintiff | Counsel for Defendant |

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DARA WILLIAMS, | : |
| Plaintiff, | : Civil Action Number: |
| vs. | : 1:12-cv-03733-RWS |
| PONY TAIL, INC. d/b/a CLUB ONYX, | : |
| Defendant. | : |

## CERTIFICATE OF COUNSEL

Pursuant to LR 7.1 NDGa the below signatory attorney certifies that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in LR. 5.1 C. NDGa.

*s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARA WILLIAMS, | : |
| Plaintiff, | : Civil Action Number: |
| vs. | : 1:12-cv-03733-RWS |
| PONY TAIL, INC. d/b/a CLUB ONYX, | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I filed the within and foregoing Joint Motion For Review and Approval of Settlement Agreement with the Clerk of the Court using the CM/ECF System, which will automatically send notification of filing to counsel for all counsel of record, including:

> Dean R. Fuchs
> Susan Kastan Murphey

This 8th day of October 2013.

> *s/ Charles R. Bridgers*
> Charles R. Bridgers
> Georgia Bar No. 080791